Penny L. Koepke
pkoepke@hoalow.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>*Plaintiff,*<br><br>v.<br><br>Paul Moss Insurance Agency, LLC d/b/a Epiq Insurance Agency, an Ohio limited liability company,<br><br>*Defendant.* | Case No.<br><br>**CLASS ACTION COMPLAINT**<br><br>**JURY TRIAL DEMANDED** |

Plaintiff Brenda Whittaker ("Whittaker" or "Plaintiff") brings this Class Action Complaint ("Complaint") against Defendant Paul Moss Insurance Agency, LLC d/b/a Epiq Insurance Agency ("Epiq" or "Defendant") to stop its practice of placing repeated, unsolicited telemarketing calls to consumers whose telephone numbers are registered on the National Do Not Call Registry and to obtain redress for all persons similarly injured by its conduct. Plaintiff seeks an award of statutory damages to the members of the Class, plus court costs and reasonable attorneys' fees. Plaintiff, for her Complaint, alleges as follows upon personal knowledge as to herself and her own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by her attorneys.

1

## PARTIES

1. Plaintiff Whittaker is an individual who resides in Cottonwood, Yavapai County, Arizona.

2. Defendant Epiq is an Ohio limited liability company whose principal place of business is located at 5895 Harper Road, Solon, OH 44139.

## JURISDICTION & VENUE

3. This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or the "Act"), a federal statute. This Court also has subject matter jurisdiction under the Class Action Fairness Act, 28 U.S.C. § 1332 ("CAFA"), because the alleged Class consists of over 100 persons, there is minimal diversity, and the claims of the class members when aggregated together exceeds $5 million. Further, none of the exceptions to CAFA applies.

4. The Court has personal jurisdiction over Defendant and venue is proper in this District because, among other things, it regularly conducts business in this District, contracts to supply services in this District, purposefully directed its telemarketing to this District, serves (directly and indirectly) the market in this District, and a substantial part of the events giving rise to the claims asserted here occurred in and/or was directed to this District.

## COMMON ALLEGATIONS OF FACT

5. Defendant Epiq is a nationwide insurance agency primarily selling auto and home insurance policies.

6. Unfortunately for consumers, Defendant casts its marketing net too wide. That is, in an attempt to promote its business and to generate leads for its insurance products and services, Defendant conducted (and continue to conduct) a wide scale telemarketing campaign and repeatedly sends unsolicited telemarketing calls to telephone numbers which appear on the national Do Not Call Registry.

7. Indeed, at no time did Defendant obtain prior express consent from Plaintiff
2

or the class members orally or in writing to place the calls at issue.

8. The TCPA was enacted to protect consumers from unauthorized telemarketing calls exactly like those alleged in this Complaint—calls placed without prior express written consent to persons who listed their phone numbers on the Do Not Call Registry. As such, Defendant not only invaded the personal privacy of Plaintiff and members of the putative Class, it also intentionally and repeatedly violated the TCPA.

9. At all times material to this Complaint, Defendant was and is fully aware that unsolicited telemarketing calls are being placed to consumers' telephones through its own efforts and that of its agents.

10. To the extent any third parties placed the calls, the third parties acted on behalf of Defendant, for Defendant's benefit, and with Defendant's approval. Further, Defendant ratified the conduct by accepting the benefits of the telemarketing campaign.

11. By placing the unsolicited calls at issue in this Complaint, Defendant caused Plaintiff and the Class actual harm and cognizable legal injury. This includes the aggravation and nuisance and invasions of privacy that result from the receipt of such calls as well as a loss of value realized for any monies that consumers paid to their carriers for the receipt of such calls. Furthermore, the calls interfered with and interrupted Plaintiff's and the other class members' use and enjoyment of their phones, including the related data, software, and hardware components. Defendant also injured the Plaintiff and class members by causing wear and tear on their phones.

12. On behalf of the Class, Plaintiff seeks an injunction requiring Defendant to cease all unauthorized telemarketing calls to persons registered on the Do Not Call Registry and an award of statutory damages to the class members, together with pre- and post-judgment interest, costs, and reasonable attorneys' fees.

**FACTS SPECIFIC TO PLAINTIFF**

13. Plaintiff Whittaker is the primary and customary user of the cellular telephone number ending in 9679. Whittaker registered the telephone number ending in 9679 on the national Do Not Call Registry on December 19, 2017.

14. Plaintiff's cellular telephone number ending in 9679 is used for residential purposes.

15. On January 6, 2022, at 8:01 a.m., Plaintiff received an unsolicited telemarketing call from Epiq directed to her cellular telephone. The call was placed from the telephone number (928) 238-3034.

16. On January 6, 2022, at 12:03 p.m., Plaintiff received another unsolicited telemarketing call from Epiq from the same telephone number as the 8:01 a.m. call.

17. On January 6, 2022, at 2:04 p.m., Plaintiff received another unsolicited telemarketing call from Epiq from the same telephone number as the previous two calls.

18. The purpose of the calls was to solicit Plaintiff to purchase Defendant's insurance related products and services.

19. On information and belief, Defendant has placed additional calls to Plaintiff.

20. At no time did Whittaker ever consent to receive calls from Defendant. Further, Whittaker has never expressed any interest in Defendant's insurance products or services.

21. Whittaker also has no prior relationship with Epiq and does not have an established business relationship with Epiq.

22. To redress these injuries, Whittaker, on behalf of herself and the Class of similarly situated individuals, brings suit under the TCPA, which prohibits unsolicited telemarketing calls to telephone numbers registered on the national Do Not Call Registry. On behalf of the Class, Whittaker seeks an injunction requiring Defendant to cease all unauthorized calling activities, and an award of statutory damages to the class members, together with costs and reasonable attorneys' fees.

**CLASS ACTION ALLEGATIONS**

23. Plaintiff brings this action pursuant to Federal Rule of Civil Procedure 23(b)(2) and Rule 23(b)(3) on behalf of herself and all others similarly situated and seeks certification of the following Class:

4

**DNC Registry Class:** All persons in the United States who from four years prior to the filing of the initial complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her telephone; (2) within any 12-month period; (3) where the telephone number had been listed on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Whittaker, or for whom it did not obtain prior express written consent.

24. The following people are excluded from the Class: (1) any Judge or Magistrate presiding over this action and members of their families; (2) Defendant, Defendant's subsidiaries, parents, successors, predecessors, and any entity in which the Defendant or its parents have a controlling interest and its current or former employees, officers and directors; (3) persons who properly execute and file a timely request for exclusion from the Class; (4) persons whose claims in this matter have been finally adjudicated on the merits or otherwise released; (5) Plaintiff's counsel and Defendant's counsel; and (6) the legal representatives, successors, and assignees of any such excluded persons. Plaintiff anticipates the need to amend the class definition following appropriate discovery.

25. **Numerosity:** The exact number of members within the Class is unknown and not available to Plaintiff at this time, but it is clear that individual joinder is impracticable. On information and belief, Defendant placed calls to thousands of consumers who fall into the defined Class. Members of the Class can be identified through reference to Defendant's business records.

26. **Typicality:** Plaintiff's claims are typical of the claims of other members of the Class, in that Plaintiff and the members of the Class sustained damages arising out of Defendant's uniform wrongful conduct.

27. **Adequate Representation:** Plaintiff will fairly and adequately represent and protect the interests of the Class, and has retained counsel competent and experienced in complex class actions. Plaintiff has no interests antagonistic to those of the Class, and

Defendant has no defenses unique to Plaintiff.

28. **Commonality and Predominance:** There are many questions of law and fact common to the claims of Plaintiff and the Class, and those questions predominate over any questions that may affect individual members of the Class. Common questions for the Class include, but are not necessarily limited to the following:

   (a) Whether Defendant's conduct violated the TCPA;

   (b) Whether Defendant systematically placed unsolicited telemarketing calls to consumers whose telephone numbers were registered with the National Do Not Call Registry;

   (c) Whether any third party made the calls on Defendant's behalf or for its benefit and, if so, whether Defendant is liable for such calls;

   (d) Whether the Plaintiff and the other members of the Class are entitled to statutory damages; and

   (e) Whether members of the Class are entitled to treble damages based on the willfulness of Defendant's conduct.

29. **Superiority:** This case is also appropriate for class certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy. Joinder of all parties is impracticable, and the damages suffered by the individual members of the Class will likely be relatively small, especially given the burden and expense of individual prosecution of the complex litigation necessitated by Defendant's actions. Thus, it would be virtually impossible for the individual members of the Class to obtain effective relief from Defendant's misconduct. Even if class members could sustain such individual litigation, it would still not be preferable to a class action, because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court. Economies of time, effort and expense will be fostered and

uniformity of decisions ensured.

30. **Conduct Similar Towards All Class Members:** By committing the acts set forth in this pleading, Defendant has acted or refused to act on grounds substantially similar towards all members of the Class to render certification of the Class for final injunctive relief and corresponding declaratory relief appropriate under Rule 23(b)(2).

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227, *et seq***
**(On Behalf of Plaintiff and the DNC Registry Class)**

31. Plaintiff incorporates by reference the foregoing allegations as if fully set forth herein.

32. 47 U.S.C. § 227(c)(5) provides that any "person who has received more than one telephone call within any 12-month period by or on behalf of the same entity in violation of the regulations prescribed under this subsection may" bring a private action based on a violation of said regulations, which were promulgated to protect telephone subscribers' privacy rights to avoid receiving telephone solicitations to which they object.

33. The TCPA's implementing regulation—47 C.F.R. § 64.1200(c)—provides that "[n]o person or entity shall initiate any telephone solicitation" to "[a] residential telephone subscriber who has registered his or her telephone number on the national do-not-call registry of persons who do not wish to receive telephone solicitations that is maintained by the Federal Government." *See* 47 C.F.R. § 64.1200(c).

34. 47 C.F.R. § 64.1200(e) provides that 47 C.F.R. §§ 64.1200(c) and (d) "are applicable to any person or entity making telephone solicitations or telemarketing calls to wireless telephone numbers to the extent described in the Commission's Report and Order, CG Docket No. 02-278, FCC 03-153, 'Rules and Regulations Implementing the Telephone Consumer Protection Act of 1991,'" and the Commission's Report and Order, in turn, provides as follows:

> The Commission's rules provide that companies making telephone solicitations to residential telephone subscribers must comply with time of day restrictions and must institute procedures for maintaining do-not-call

7

lists. For the reasons described above, we conclude that these rules apply to calls made to wireless telephone numbers. We believe that wireless subscribers should be afforded the same protections as wireline subscribers.

35. 47 C.F.R. § 64.1200(d) further provides that "[n]o person or entity shall initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity. The procedures instituted must meet the following minimum standards:

> (1) Written policy. Persons or entities making calls for telemarketing purposes must have a written policy, available upon demand, for maintaining a do-not-call list.
>
> (2) Training of personnel engaged in telemarketing. Personnel engaged in any aspect of telemarketing must be informed and trained in the existence and use of the do-not-call list.
>
> (3) Recording, disclosure of do-not-call requests. If a person or entity making a call for telemarketing purposes (or on whose behalf such a call is made) receives a request from a residential telephone subscriber not to receive calls from that person or entity, the person or entity must record the request and place the subscriber's name, if provided, and telephone number on the do-not-call list at the time the request is made. Persons or entities making calls for telemarketing purposes (or on whose behalf such calls are made) must honor a residential subscriber's do-not-call request within a reasonable time from the date such request is made. This period may not exceed thirty days from the date of such request . . . .
>
> (4) Identification of sellers and telemarketers. A person or entity making a call for telemarketing purposes must provide the called party with the name of the individual caller, the name of the person or entity on whose behalf the call is being made, and a telephone number or address at which the person or entity may be contacted. The telephone number provided may not be a 900 number or any other number for which charges exceed local or long-distance transmission charges.
>
> (5) Affiliated persons or entities. In the absence of a specific request by the subscriber to the contrary, a residential subscriber's do-not-call request shall apply to the particular business entity making the call (or on whose behalf a call is made), and will not apply to affiliated entities unless the consumer reasonably would expect them to be included given the identification of the caller and the product being advertised.

(6) Maintenance of do-not-call lists. A person or entity making calls for telemarketing purposes must maintain a record of a consumer's request not to receive further telemarketing calls. A do-not-call request must be honored for 5 years from the time the request is made."

36. Defendant and/or its agent(s) violated 47 C.F.R. § 64.1200(c) by initiating, or causing to be initiated, multiple telephone solicitations to telephone subscribers like Plaintiff and the DNC Registry Class members who registered their respective cell phone numbers on the National DNC Registry, a listing of persons who do not wish to receive telephone solicitations that is maintained by the federal government.

37. Here, Defendant and/or its agent(s) placed more than one unsolicited telemarketing call to Whittaker and the other members of the DNC Registry Class within a 12-month period without having prior written express consent to send such calls.

38. Each such call was directed to a telephone number that had been registered with the National Do Not Call Registry for at least 30 days.

39. Whittaker and the other members of the DNC Registry Class did not provide consent to receive such telemarketing calls from Defendant or its agents.

40. Neither Defendant nor its agents have any record of consent to place such telemarketing calls to Plaintiff or the other members of the DNC Registry Class.

41. Defendant violated 47 C.F.R. §§ 64.1200(d) and (e) by causing calls to be placed for telemarketing purposes to wireless telephone subscribers, such as Plaintiff and the members of the DNC Registry Class, without instituting procedures that comply with the regulatory minimum standards for maintaining a do not call policy and a list of persons who request not to receive telemarketing calls.

42. Additionally, on information and belief, Defendant fails to maintain a written do not call policy that is available on request. On further information and belief, Defendant fails to train its employees and personnel involved in telemarketing in the existence and use of its do not call policy or do not call list.

43. As a result of Defendant's conduct as alleged herein, Whittaker and the members of the DNC Registry Class suffered actual damages and, under section 47

9

U.S.C. § 227(c), are each entitled to, *inter alia*, receive at least $500 in damages for each such violation of 47 C.F.R. § 64.1200.

44. To the extent Defendant's misconduct is determined to have been willful and knowing, the Court should, pursuant to 47 U.S.C. § 227(c)(5), treble the amount of statutory damages recoverable by Whittaker and the members of the DNC Registry Class.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, on behalf of herself and the Class, prays for the following relief:

A. An order certifying this case as a class action on behalf of the Class as defined above; appointing Plaintiff as the representative of the Class and appointing her attorneys as Class Counsel;

B. An award of actual monetary loss from such violations or the sum of five hundred dollars ($500.00) for each violation, whichever is greater all to be paid into a common fund for the benefit of the Plaintiff and the Class Members;

C. An award of trebled damages if willfulness is shown;

D. An order declaring Defendant's calls, as set out above, violate the TCPA;

E. An injunction requiring Defendant to stop placing calls to consumers registered on the National Do Not Call Registry absent prior express consent;

F. An award of pre-judgment interest;

G. An award of reasonable attorneys' fees and costs to be paid out of the common fund prayed for above; and

H. Such further and other relief the Court deems reasonable and just.

///

## JURY DEMAND

Plaintiff requests a trial by jury of all claims that can be so tried.

Dated: May 2, 2022

**BRENDA WHITTAKER**, individually and on behalf of all others similarly situated,

By: /s/ Penny L. Koepke
One of Plaintiff's Attorneys

Penny L. Koepke
pkoepke@hoalow.biz
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

Taylor T. Smith*
tsmith@woodrowpeluso.com
Woodrow & Peluso, LLC
3900 East Mexico Ave., Suite 300
Denver, Colorado 80210
Telephone: (720) 907-7628
Facsimile: (303) 927-0809

*pro hac vice* admission to be sought

*Counsel for Plaintiff and the Putative Class*