Sitar Bhatt, State Bar Number 029622
sbhatt@tysonmendes.com
**TYSON & MENDES, LLP**
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
Telephone: (480) 571-5031
Facsimile:  (480) 245-5424
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br>vs.<br><br>PAUL MOSS INSURANCE AGENCY, LLC d/b/a EPIQ INSURANCE AGENCY, an Ohio limited liability company<br><br>Defendant. | No. 3:22-cv-08077-SMB<br><br>**DEFENDANT'S RESPONSE TO PLAINTIFF'S CLASS ACTION COMPLAINT** |

Defendant Paul Moss Insurance LLC d/b/a Epiq Insurance Agency ("Defendant") hereby responds to plaintiff Brenda Whittaker's Class Action Complaint as follows:

**PARTIES**

1. In response to paragraph 1 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations therein, and therefore denies the same.

2. In response to paragraph 2 of the Complaint, Defendant admits the allegations contained therein.

**TYSON & MENDES, LLP**

## JURISDICTION & VENUE

3.     In response to paragraph 3 of the Complaint, Defendant admits this Court has jurisdiction over plaintiff's claims, but denies the Defendant violated the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et. Seq.* ("TCPA" of the "Act") and denies the plaintiff has validly stated a class of litigants capable of certification for a class action under the Federal Rules of Civil Procedure. All other or different allegations are denied.

4.     In response to paragraph 4 of the Complaint, Defendant admits for jurisdictional purposes only. All other or different allegations are denied.

## COMMON ALLEGATIONS OF FACT

5.     In response to paragraph 5 of the Complaint, Defendant admits its sells auto and home insurance policies. All other or different allegations are denied.

6.     In response to paragraph 6 of the Complaint, Defendant denies the allegations contained therein.

7.     In response to paragraph 7 of the Complaint, Defendant denies the allegations contained therein and affirmatively states the plaintiff expressly consented to receive information from Defendant.

8.     In response to paragraph 8 of the Complaint, Defendant denies it invaded the personal privacy of plaintiff and members of the alleged putative class and denies it violated the TCPA. Defendant states the remaining portion of the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

**TYSON & MENDES, LLP**

9. In response to paragraph 9 of the Complaint, Defendant denies it is making unsolicited telemarketing calls to consumers' telephones.

10. In response to paragraph 10 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations regarding the actions of other third parties, and therefore denies the same. All other or different allegations are denied.

11. In response to paragraph 11 of the Complaint, Defendant is without knowledge or information sufficient to form a belief as to the precise nature, extent, and duration of plaintiff's alleged injuries and damages and, therefore, denies same. All other or different allegations contained therein are denied.

12. In response to paragraph 12 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

**FACTS SPECIFIC TO PLAINTIFF**

13. In response to paragraph 13 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

14. In response to paragraph 14 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

15. In response to paragraph 15 of the Complaint, Defendant denies it made any unsolicited calls to plaintiff. As to remaining allegations, Defendant lacks knowledge or

3

**TYSON & MENDES, LLP**

information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

16. In response to paragraph 16 of the Complaint, Defendant denies it made any unsolicited calls to plaintiff. As to remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

17. In response to paragraph 17 of the Complaint, Defendant denies it made any unsolicited calls to plaintiff. As to remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

18. In response to paragraph 18 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

19. In response to paragraph 19 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

20. In response to paragraph 20 of the Complaint, Defendant denies the allegations contained therein and the Defendant states the plaintiff consented to receive telemarketing calls from Defendant.

4

**TYSON & MENDES, LLP**

21. In response to paragraph 21 of the Complaint, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

22. In response to paragraph 22 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

## CLASS ACTION ALLEGATIONS

23. In response to paragraph 23 of the Complaint, Defendant denies the allegations contained therein and denies plaintiff has validly stated a class of litigants capable for a class action under the Federal Rules of Civil Procedure.

24. In response to paragraph 24 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

25. In response to paragraph 25 of the Complaint, Defendant denies the allegations contained therein and denies plaintiff has validly stated a class of litigants capable for a class action under the Federal Rules of Civil Procedure.

26. In response to paragraph 26 of the Complaint, Defendant denies any wrongful conduct. As to remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

27. In response to paragraph 27 of the Complaint, Defendant states the plaintiff expressly provided consent to receiving telemarketing and other communications from

5

**TYSON & MENDES, LLP**

Defendant. As to remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

28. In response to paragraph 28 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies it violated the TCPA and denies the plaintiff validly stated a class of litigants capable for a class action under the Federal Rules of Civil Procedure.

29. In response to paragraph 29 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies it violated the TCPA and denies the plaintiff validly stated a class of litigants capable for a class action under the Federal Rules of Civil Procedure.

30. In response to paragraph 30 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies it violated the TCPA and denies the plaintiff validly stated a class of litigants capable for a class action under the Federal Rules of Civil Procedure.

**CAUSE OF ACTION**
**Violation of 47 U.S.C. § 227,** *et seq*
**(On Behalf of Plaintiff and the DNC Registry Class)**

31. Defendant incorporates its preceding responses contained in paragraphs 1 through 30.

6

**TYSON & MENDES, LLP**

32. In response to paragraph 32 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

33. In response to paragraph 33 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

34. In response to paragraph 34 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

35. In response to paragraph 35 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

36. In response to paragraph 36 of the Complaint, Defendant denies the allegations contained therein.

37. In response to paragraph 37 of the Complaint, Defendant denies it violated the TPCA and states the plaintiff expressly consented to receiving telemarketing and other communications from Defendant. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

38. In response to paragraph 38 of the Complaint, Defendant denies it violated the TPCA and states the plaintiff expressly consented to receiving telemarketing and other

7

**TYSON & MENDES, LLP**

communications from Defendant. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

39. In response to paragraph 39 of the Complaint, Defendant denies it violated the TPCA and states the plaintiff expressly consented to receiving telemarketing and other communications from Defendant. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

40. In response to paragraph 40 of the Complaint, Defendant denies it violated the TPCA and states the plaintiff expressly consented to receiving telemarketing and other communications from Defendant. As to the remaining allegations, Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained therein and therefore denies the same.

41. In response to paragraph 41 of the Complaint, Defendant denies the allegations contained therein.

42. In response to paragraph 42 of the Complaint, Defendant denies the allegations contained therein.

43. In response to paragraph 43 of the Complaint, Defendant denies the allegations contained therein.

**TYSON & MENDES, LLP**

44.     In response to paragraph 44 of the Complaint, Defendant states the paragraph does not contain any factual allegations to which a response is required from Defendant. To the extent a response is required, Defendant denies the same.

## AFFIRMATIVE DEFENSES

45.     Defendant alleges plaintiff's Complaint fails to state a claim upon which relief can be granted against Defendant.

46.     The TCPA upon which plaintiff's claims rely, violates the First Amendment of the United States Constitution and Article I, Section 8 of the Constitution.

47.     The TCPA violates the Due Process Clauses of the Fifth and Fourteenth Amendments of the United States Constitution.

48.     The TCPA violates the Fifth and Fourteenth Amendments of the United States Constitution under the void-for-vagueness doctrine.

49.     The TCPA violates the Excessive Fines Clause of the Eighth Amendment of the United States Constitution.

50.     Plaintiff's claims herein are barred by the Doctrine of Unclean Hands, to the extent plaintiff provided express consent to Defendant to receive communications, including telemarketing.

51.     The Complaint fails to state a valid claim for injunctive relief because plaintiff cannot establish, among other things, that it does not have an adequate remedy at law.

9

**TYSON & MENDES, LLP**

52. Any claim alleged in the Complaint is barred by the doctrine of waiver and estoppel to the extent plaintiff, *inter alia,* provided express consent to Defendant for business purposes and/or to obtain telemarketing.

53. Any claim alleged in the Complaint is barred to the extent the plaintiff or any member of the putative class had a prior established business relationship with the persons or entities who placed the calls at issue herein.

54. Any claim alleged in the Complaint is barred to the extent plaintiff or any member of the putative class failed to mitigate its alleged damages.

55. Any claim alleged in the Complaint is barred to the extent plaintiff impliedly consented to the use of her number for the receipt of telephone calls at issue herein and/or expressly consented to the receipt of such telephone calls.

56. Plaintiff has not validly stated a class of litigants capable of certification for a class under the Federal Rules of Civil Procedure.

57. Although Defendant does not presently have specific facts in support of the remaining defenses, they wish to put counsel for plaintiff on notice that he hereby raises the following defenses which, through subsequent discovery, may indeed be supported by the facts: statute of limitations; privilege and/or immunity; lack of jurisdiction over the subject matter; lack of jurisdiction over the person/entity; accord and satisfaction; arbitration and award; discharge and bankruptcy; duress; estoppel; failure of consideration; contribution; fraud; illegality; latches; license; accordance; release; insufficiency of process and insufficiency of service of process; and waiver.

**TYSON & MENDES, LLP**

58. Defendant may supplement this Answer with additional Affirmative Defenses as discovery progresses.

WHEREFORE, having fully answered the Complaint, Defendant prays for judgment as follows:

A. That the Complaint be dismissed with prejudice;

B. That plaintiff takes nothing thereby;

C. That Defendant be awarded its reasonable attorneys' fees pursuant to A.R.S. § 12-341.01;

D. That Defendant be awarded taxable costs incurred herein; and

E. That Defendant be awarded such other and further relief deemed appropriate in this matter.

DATED this 15th day of June, 2022.

                TYSON & MENDES, LLP

                By: */s/ Sitar Bhatt*
                    Sitar Bhatt
                    *Attorney for Defendant*

**TYSON & MENDES, LLP**

## **CERTIFICATE OF SERVICE**

I hereby certify that on June 15, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd.
Suite 104
Mesa, AZ 85206
pkoepke@hoalow.biz
*Attorney for Plaintiff*

By: */s/ Mersadies Alvarado*

12