Penny L. Koepke
pkoepke@hoalow.biz
**MAXWELL & MORGAN, P.C.**
4854 E. Baseline Road, Suite 104
Mesa, Arizona 85206
Tel: (480) 833-1001

[Additional counsel appearing on signature page]

*Attorneys for Plaintiff and the Class*

# UNITED STATES DISTRICT COURT
# DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, an individual, individually and on behalf of all others similarly situated,<br><br>*Plaintiff*,<br><br>v.<br><br>Paul Moss Insurance Agency, LLC d/b/a Epiq Insurance Agency, an Ohio limited liability company,<br><br>*Defendant*. | Case No. 3:22-cv-08077-SMB<br><br>**JOINT PROPOSED CASE MANAGEMENT REPORT**<br><br>FAC Filed: October 6, 2021 |

Plaintiff Brenda Whittaker ("Plaintiff" or "Whittaker") and Defendant Paul Moss Insurance Agency, LLC d/b/a Epiq Insurance Agency ("Defendant" or "Epiq") jointly submit this Proposed Case Management Report pursuant to Rule 26(f) of the Federal Rules of Civil Procedure, and the Court's Order Setting Rule 16 Scheduling Conference (dkt. 12).

**1.     The parties who attended the Rule 26(f) meeting and assisted in developing the Case Management Report:**

On behalf of Plaintiff Brenda Whittaker: Taylor T. Smith

On behalf of Defendant Paul Moss Insurance Agency, LLC d/b/a Epiq Insurance Agency: Leah McKeever and Sitar Bhatt

1

**2.    A list of the parties in the case, including any parent corporations or entities (for recusal purposes):**

<u>Plaintiff:</u> Brenda Whittaker and the alleged Class

<u>Defendant:</u> Paul Moss Insurance Agency, LLC d/b/a Epiq Insurance Agency

**3.    A short statement of the nature of the case:**

<u>Plaintiff's Position:</u> The case challenges Defendant's alleged violations of the Telephone Consumer Protections Act, 47 U.S.C. § 227, *et seq.* ("TCPA" or the "Act"), specifically their practice of sending unsolicited telemarketing calls to cellular telephone numbers registered on the National Do Not Call Registry.

The facts are straightforward: Plaintiff registered her cellular telephone number on the DNC Registry on December 19, 2017. Notwithstanding this registration, Defendant placed at least three (3) calls to Plaintiff to solicit her to purchase Defendant's good and services. All of the calls were placed for the purpose of soliciting Plaintiff to purchase Defendant's products and services. Plaintiff also did not provide any prior express consent to receive the calls at issue. Accordingly, Plaintiff, on behalf of herself and a Class of similarly situated individuals, brings this action to put an end to Defendant's serial violations of the TCPA.

<u>Defendant's Position:</u> Defendant denies it violated the TCPA. Plaintiff provided express consent for Defendant to contact plaintiff. Defendant did not contact plaintiff prior to receiving consent. Further, plaintiff did not revoke the consent prior to Defendant contacting plaintiff. Defendant denies there are similarly situated individuals.

**4.    The jurisdictional basis for the case, describing the basis for jurisdiction and citing specific statutes:**

This case is an alleged class action brought under the TCPA, a federal statute. As such, the Court has original jurisdiction under 28 U.S.C. § 1331. Further, Plaintiff alleges that this Court has jurisdiction over the subject matter of this action under the Class

Action Fairness Act, 28 U.S.C. § 1332(d), *et seq.* ("CAFA") because there are over 100 putative class members, there is minimal diversity, and there is over $5,000,000 at issue when the claims of the Class are aggregated. None of the exceptions to CAFA applies.

Defendant agrees this Court has original jurisdiction under 28 U.S.C. § 1331, but disputes plaintiff's allegation the Court has jurisdiction arising under the CAFA as plaintiff has not established a class of more than 100 members nor more than $5,000,000 in controversy.

**5.  Any parties which have not been served and an explanation of why they have not been served, and any parties which have been served but have not answered or otherwise appeared:**

All parties have been served and there are no issues with service.

**6.  A statement of whether any party expects to add additional parties to the case or otherwise to amend pleadings:**

<u>Plaintiff's Position:</u> At this time, Plaintiff does not expect to add any additional parties or amend the pleadings. However, Plaintiff reserves the right to amend to add additional parties that may be identified in discovery. Plaintiff requests a four month deadline to amend pleadings.

<u>Defendant's Position:</u> Defendant reserves the right to amend to add additional parties that may be identified in discovery. Defendant requests a four month deadline to amend pleadings.

**7.  A listing of contemplated motions and a statement of the issues to be decided by those motions:**

<u>Plaintiff's Position:</u> Plaintiff intends to move for class certification following an appropriate period of class discovery. Plaintiff also intends to move for summary judgment after a class has been certified. Plaintiff may also need to file a motion to amend the pleadings and discovery motions as appropriate.

<u>Defendant's Position:</u> Defendant intends to move for summary judgment after initial discovery is completed. Defendant also may file a motion to amend the pleadings and discovery motions as appropriate.

**8.     Whether the case is suitable for reference to a United States Magistrate Judge for a settlement conference or trial:**

The parties do not consent to referring any aspect of the case to a United States Magistrate Judge.

**9.     The status of any related cases pending before other courts or other judges of this Court:**

The parties are not aware of any related cases.

**10.    A discussion of any issues relating to preservation, disclosure, or discovery of electronically stored information, including the parties' preservation of electronically stored information and the form or forms in which it will be produced (see Rules 16(b)(3), 26(f)(3)):**

During the Rule 26(f) conference, counsel for the Parties discussed the potential ESI implicated in this case. The Parties confirm that any relevant ESI is being appropriately preserved. Should discovery proceed, the Parties are committed to working together to reduce the costs of ESI.

**11.    A discussion of any issues relating to claims of privilege or work product (see Rules 16(b)(3), 26(f)(3)):**

The parties agree to prepare and produce a privilege log with respect to all documents, electronically stored information, things and oral communications withheld on the basis of a claim of privilege or work product protection except the following: written and oral communications between a party and its counsel after commencement of the action and in anticipation of litigation and work product material created after commencement of the action and in anticipation of litigation.

Defendant will disclose its relevant confidential internal policies and procedures

related to telemarketing in accordance with a stipulated confidentiality and protective order agreement.

**12.  A discussion of whether an order under Federal Rule of Evidence 502(d) is warranted in this case:**

<u>Plaintiff's Position:</u> Plaintiff does not request a Rule 502(d) Order

<u>Defendant's Position:</u> Defendant requests a Rule 502(d) Order.

**13.  A discussion of necessary discovery. This discussion should take into account the December 1, 2015 amendments to Rule 26(b)(1), and should include:**

a. *The extent, nature, and location of discovery anticipated by the parties and why it is proportional to the needs of the case;*

<u>Plaintiff's Position:</u> Discovery is needed regarding certain threshold issues that will materially advance the case:

(1) Whether Defendant procured prior express invitation or permission to place the calls at issue;

(2) Whether Defendant placed calls to consumers whose numbers are registered on the National DNC Registry *en masse*;

(3) Whether the proposed class can be certified as a class action in accordance with Federal Rules of Civil Procedure 23;

(4) Whether Plaintiff is entitled to injunctive relief;

(5) If Defendant violated the TCPA, whether it did so willfully; and

(6) Defendant's affirmative defenses.

<u>Defendant's Position:</u> Defendant intends to seek discovery to establish the following:

(1) Plaintiff expressly consented to receive telemarketing communications;

(2) Defendant did not violate the TCPA;

(3) Plaintiff fails to establish a putative class pursuant to Fed. R. Civ. P. Rule 23 and CAFA;

(4) Discovery to Dispute plaintiff's allegation;

5

(5) Defendant's affirmative defenses; and

(6) Defendant reserves the right to expand upon this list as discovery progresses.

    b. *Suggested changes, if any, to the discovery limitations imposed by the Federal Rules of Civil Procedure;*

The parties do not propose any changes to the discovery limitations or length of depositions provided by the Federal Rules of Civil Procedure.

    c. *The number of hours permitted for each deposition. The parties should consider whether a total number of depositions hours should be set in the case, such as 20 total hours for Plaintiffs and 20 total hours for Defendants. Such overall time limits have the advantage of providing an incentive for each side to be as efficient as possible in each deposition, while also allowing parties to allocate time among witnesses depending on the importance and complexity of subjects to be covered with the witnesses.*

The parties do not propose any changes to the hourly limits for depositions set forth in Fed. R. Civ. P. 30(d).

**14.   Proposed Deadlines**

Plaintiff's Position: Discovery should proceed with respect to both class certification and merits issues for a period of ten (10) months. The first eight (8) months will be devoted to written and oral fact discovery. The final two (2) months of this period will be devoted to experts. Following the close of this initial ten (10) month discovery period, the parties will brief class certification. Following a ruling on class certification the Court would hold a subsequent case management conference and establish a schedule for the remainder of the case, including a period for any remaining merits-based discovery, and dates for summary judgment briefing, pre-trial conferences, and the trial.

Plaintiff proposes the following discovery schedule:

| Event | Proposed Deadlines |
|---|---|
| Motion to Amend Pleadings and/or Add | November 18, 2022 |

| | |
|---|---|
| Parties | |
| Exchange Rule 26(a) Initial Disclosures | August 12, 2022 |
| Complete Fact Discovery | March 24, 2023 |
| Plaintiff's Expert Disclosures Due | March 31, 2023 |
| Defendant's Expert Disclosures Due | April 21, 2023 |
| Rebuttal Expert Disclosures Due | May 5, 2023 |
| Complete Expert Discovery | May 26, 2023 |
| Engage in Good Faith Settlement Discussions | March 24, 2023 |
| Plaintiff to File Motion for Class Certification | June 2, 2023 |
| Defendant to File Opposition to Class Certification | June 30, 2023 |
| Plaintiff to File Reply ISO Motion for Class Certification | July 14, 2023 |
| Subsequent Case Management Conference | To be set after a ruling on class certification |
| File Dispositive Motions | TBD |

Defendant's Position:

| **Event** | **Proposed Deadlines** |
|---|---|
| Motion to Amend Pleadings and/or Add Parties | November 18, 2022 |

| | |
|---|---|
| Exchange Rule 26(a) Initial Disclosures | August 12, 2022 |
| Complete Fact Discovery | March 31, 2023 |
| Plaintiff's Expert Disclosures Due | April 7, 2023 |
| Defendant's Expert Disclosures Due | June 2, 2023 |
| Rebuttal Expert Disclosures Due | July 7, 2023 |
| Complete Expert Depositions | August 11, 2023 |
| Engage in Good Faith Settlement Discussions | July 28, 2023 |
| Plaintiff to File Motion for Class Certification | April 28, 2023 |
| Defendant to File Opposition to Class Certification | May 26, 2023 |
| Plaintiff to File Reply ISO Motion for Class Certification | June 9, 2023 |
| Subsequent Case Management Conference | To be set after a ruling on class certification |
| File Dispositive Motions | TBD |

**15. Whether a jury trial has been requested and whether the request for a jury trial is contested (if the request is contested, briefly set forth the reasons):**

Plaintiff has demanded a jury trial. Defendant does not contest.

**16. The prospects for settlement, including any request of the Court for assistance in settlement efforts:**

The Parties do not request Court assistance with settlement talks at this time. The

8

Parties reserve the right to request a judicial settlement conference after initial discovery has taken place.

**17. Any other matters that will aid the Court and parties in resolving this case in a just, speedy, and inexpensive manner as required by Federal Rule of Civil Procedure 1.**

There are no additional matters need to be addressed at this time.

Dated: July 19, 2022                By: /s/ Taylor T. Smith
                                    One of Plaintiff's Attorneys

                                    Penny L. Koepke
                                    pkoepke@hoalow.biz
                                    4854 E. Baseline Road, Suite 104
                                    Mesa, Arizona 85206
                                    Tel: (480) 833-1001

                                    Taylor T. Smith (admitted *pro hac vice*)
                                    tsmith@woodrowpeluso.com
                                    Woodrow & Peluso, LLC
                                    3900 East Mexico Ave., Suite 300
                                    Denver, Colorado 80210
                                    Telephone: (720) 907-7628
                                    Facsimile: (303) 927-0809

                                    *Counsel for Plaintiff and the Putative Class*

Dated: July 19, 2022                By: /s/ Sitar Bhatt

                                    Sitar Bhatt, State Bar Number 029622
                                    sbhatt@tysonmendes.com
                                    TYSON & MENDES, LLP
                                    7910 East Thompson Peak Parkway, Suite 101
                                    Scottsdale, Arizona 85255
                                    Telephone: (480) 571-5031
                                    Facsimile: (480) 245-5424

                                    *Attorney for Defendant*

**CERTIFICATE OF SERVICE**

    The undersigned hereby certifies that a true and correct copy of the above titled document was served upon counsel of record by filing such papers via the Court's ECF system on July 19, 2022.

                                                   */s/ Taylor T. Smith*