# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker,<br>        Plaintiff,<br>v.<br>Paul Moss Insurance Agency LLC,<br>        Defendant. | No. CV-22-08077-PCT-SMB<br>**PROTECTIVE ORDER** |

Before the Court is the Stipulation for Protective Order (Doc. 17). The Court recognizes that certain documents and information ("Materials" as defined herein) being sought through discovery in the above-captioned action are, for competitive reasons and legal reasons or because they are privileged, normally kept confidential by the parties. The Materials to be exchanged throughout the course of the litigation between the parties may contain trade secret, privileged communications, or other confidential research, development, or commercial information, as well as other confidential information, as is contemplated by Federal Rule of Civil Procedure 26(c)(1)(G). The parties have agreed to be bound by the terms of this Protective Order ("Order") in this action to facilitate document production and disclosure and protect the respective interests of the parties in their trade secrets and/or confidential information. This Order shall remain in effect unless modified pursuant to the terms contained in this Order.

**IT IS THEREFORE ORDERED** that the following Definitions shall apply in this Order:

A. The term "Confidential Information" will mean and include information contained or disclosed in any materials, including documents, portions of documents, answers to interrogatories, responses to requests for admissions, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, including data, summaries, and compilations derived therefrom that is deemed, in good faith, to be Confidential Information by any party to which it belongs.

B. The term "Materials" will include, but are not limited to: documents; correspondence; policies and procedures; training materials; vendor information; lead information; call logs; billing invoices; memoranda; financial information; email; specifications; marketing plans; marketing budgets; customer information; materials that identify customers or potential customers; price lists or schedules or other matter identifying pricing; minutes; letters; statements; cancelled checks; contracts; invoices; drafts; books of account; worksheets; forecasts; notes of conversations; desk diaries; appointment books; expense accounts; recordings; photographs; motion pictures; sketches; drawings; notes of discussions with third parties; other notes; business reports; instructions; disclosures; other writings; records of website development; internet archives; client files obtained by the parties or their prior attorneys or current counsel and produced in this litigation.

C. The term "Counsel" will mean outside counsel of record, and other attorneys, paralegals, secretaries, and other support staff employed in the following law firms:

Tyson & Mendes LLP

Maxwell & Morgan, P.C.

Woodrow & Peluso, L.L.C

The following provisions shall apply in this litigation:

1. Each party to this litigation that produces or discloses any Materials, answers to interrogatories, responses to requests for admission, trial testimony, deposition testimony, and transcripts of trial testimony and depositions, or information that the producing party reasonably believes in good faith should be subject to this Protective Order

may designate the same as "CONFIDENTIAL."

  (a) Designation as "CONFIDENTIAL": Any party may designate information as "CONFIDENTIAL" only if, in the good faith belief of such party and its Counsel, the unrestricted disclosure of such information could be harmful to the business or operations of such party.

  (b) The term "Confidential Information" shall specifically not include any information that (i) is or becomes generally available to the public other than as a result of communication or disclosure by a party, its counsel, its agents, or any individual or entity identified in Paragraph 5 below in contravention of this Order; (ii) was not already subject to a prior non-disclosure agreement or protective order and was already in the possession of one of the receiving parties, their counsel, their agents, or any individual or entity identified in Paragraph 5 below prior to the commencement of this litigation; or (iii) is disclosed to one of the parties, their counsel, their agents, or any individual or entity identified in Paragraph 5 below, by a third-party who learned or acquired the information under circumstances or by means not requiring the third-party to preserve the confidentiality of the information.

 2. The parties may also designate in good faith materials as "CONFIDENTIAL —ATTORNEYS' EYES ONLY." Confidential Information designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" Shall not be disclosed to any other person, except those specified below:

  (a) Counsel and their employees to whom disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information is necessary for purposes of this litigation;

  (b) The Court and its personnel in any proceedings in this litigation;

  (c) Individual parties, experts, consultants, investigators, and advisers, who are retained by any of the parties for purposes of this litigation, and to whom the disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information is

necessary for purposes of this litigation. Prior to receiving any Confidential Information of the producing party, the expert or consultant must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(d) Third-party court reporting services, persons or entities engaged to prepare graphic or visual aids, and document duplicating, handling, or imaging services;

(e) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

(f) During their depositions, witnesses in the Litigation and such witnesses' counsel. Prior to receiving any Confidential Information of the producing party, the witness must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits

(g) Upon compliance with the terms of this Protective Order, any other person to whom disclosure of "CONFIDENTIAL — ATTORNEYS' EYES ONLY" information is necessary for purposes of this litigation, with the express written consent of the parties, or by an order of the Court permitting such disclosure

(h) With the exception of the protections described in §2, Confidential Information designated as "CONFIDENTIAL — ATTORNEYS' EYES ONLY" is subject to the same protections and requirements that apply to Confidential Information marked "CONFIDENTIAL."

3. In the event the producing party elects to produce Materials for inspection, no marking need be made by the producing party in advance of the initial inspection. For purposes of the initial inspection, all Materials produced will be considered as "CONFIDENTIAL," and must be treated as such pursuant to the terms of this Order. Thereafter, upon selection of specified Materials for copying by the inspecting party, the

producing party must, within a reasonable time prior to producing those Materials to the inspecting party, mark the copies of those Materials that contain Confidential Information with the appropriate confidentiality marking.

4. Whenever a deposition taken on behalf of any party involves the disclosure of Confidential Information of any party:

(a) the deposition or portions of the deposition must be designated as containing Confidential Information subject to the provisions of this Order; such designation must be made on the record whenever possible, but a party may designate portions of depositions as containing Confidential Information after transcription of the proceedings; a party will have until thirty (30) days after receipt of the deposition transcript to inform the other party or parties to the action of the portions of the transcript to be designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY."

(b) the disclosing party will have the right to exclude from attendance at the deposition, during such time as the Confidential Information is to be disclosed, any person other than the deponent, Counsel (including their staff and associates), the court reporter, and the person(s) agreed upon pursuant to Paragraph 5, below; and

(c) The originals of the deposition transcripts and all copies of the deposition must bear the legend "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY," as appropriate, and the original or any copy ultimately presented to a court for filing must comply with Section 7 below and LRCiv 5.6, unless the portion of the deposition transcript to be filed does not contain the portion of the deposition transcript that was designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY." In that situation, the portion of the deposition transcript that was not designated as "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" does not have to be filed under seal.

5. All Confidential Information designated as "CONFIDENTIAL" or

"CONFIDENTIAL — ATTORNEYS' EYES ONLY" must not be disclosed by the receiving party to anyone other than those persons designated within this Order and must be handled in the manner set forth below, and in any event, must not be used for any purpose other than in connection with this litigation, or an appeal, if any, of the litigation, unless and until such designation is removed either by agreement of the parties, or by order of the Court.

6. Information designated "CONFIDENTIAL" may be viewed only by:

(a) Counsel (as defined in paragraph C, above) of the receiving party;

(b) Independent experts or consultants and stenographic and clerical employees associated with such experts and consultants to assist a party in connection with the litigation. Prior to receiving any Confidential Information of the producing party, the expert or consultant must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(c) The Court and any Court staff and administrative personnel, including, but not limited to, law clerks, the Court Clerk and deputies, jurors and alternate jurors;

(d) Any court reporter employed in this litigation and acting in that capacity;

(e) Any person indicated on the face of the document to be its author or co-author, or any person identified on the face of the document as one to whom a copy of such document was sent before its production in this action;

(f) During their depositions, witnesses in the Litigation and such witnesses' counsel. Prior to receiving any Confidential Information of the producing party, the witness must execute a copy of the "Agreement to Be Bound by Stipulated Protective Order," attached hereto as Exhibit A. Counsel for the receiving party must retain executed copies of such exhibits;

(g) Counsel and personnel of a party or a corporate affiliate of a party, including, but not limited to, their officers, directors, in-house attorneys, investigators, and executives having any involvement with, assisting in connection with, monitoring, reviewing, or

making any decision or determination in connection with, in regard to, or related to the litigation, or an appeal, if any, of the litigation

   (h)   Clerical, ministerial, or litigation support service providers, such as outside copying support, electronic discovery, or trial presentation or graphics personnel retained by a party and/or their respective counsel to assist a party in the litigation;

   (i)   Reinsurers, auditors, independent consultants, or any other person to whom a party may be required to respond or report in their ordinary course of business regarding the litigation;

   (j)   Regulators to which a party may be required to respond or report in the ordinary course of business regarding the litigation; and

   (k)   Any other person, but only upon order of this Court or with advance written permission of the producing party.

   7.   Before any Materials produced in discovery, answers to interrogatories, responses to requests for admissions, deposition transcripts, or other documents which are designated as Confidential Information are filed with the Court for any purpose, the party seeking to file such material must comply with LRCiv 5.6. Nothing in this order shall be construed as automatically permitting a party to file under seal. The designating party shall show "compelling reasons" (where the motion is more than tangentially related to the merits of the case) or "good cause" for filing under seal. See Ctr. For Auto Safety v. Chrysler Grp., LLC, 809 F.3d 1092, 1101 (9th Cir. 2016). Additionally, such party seeking to file under seal shall, within the applicable deadline, file a redacted, unsealed version of any motion, response or reply if such party is waiting for a ruling from the Court on filing an unredacted, sealed version of the same document. Further, no portion of the trial of the matter shall be conducted under seal. Further, no portion of the trial of the matter shall be conducted under seal.

   8.   Confidential Information and Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be used solely for the prosecution or defense of this action. A party who wishes to use Confidential Information

and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" for a purpose other than the prosecution or defense of this action must request permission, in writing, from Counsel for the producing party. The receiving party's request must identify the Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" that the receiving party wishes to use and identify the purpose for which it wishes to use Confidential Information and/or Materials designated "CONFIDENTIAL" "CONFIDENTIAL — ATTORNEYS' EYES ONLY." If the parties cannot resolve the question of whether the receiving party can use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" for a purpose other than the prosecution or defense of this action within fourteen (14) days of the producing party's receipt of such a request, the receiving party may move the Court for a ruling on the receiving party's request. In the event any party files a motion seeking to use Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" for a purpose other than the prosecution or defense of this action, the Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" shall be submitted to the Court, under seal, for an in-camera inspection. Any Confidential Information and/or Materials designated "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" at issue must be treated as Confidential Information, as designated by the producing party, until the Court has ruled on the motion or the matter has been otherwise resolved.

9.   At any stage of these proceedings, any party may object to a designation of Materials as Confidential Information by invoking this Protective Order. The party objecting to confidentiality must notify, in writing, Counsel for the producing party of the objected-to Materials and the grounds for the objection. If the dispute is not resolved consensually between the parties within fourteen (14) days of receipt of such a notice of the objection, either party may move this Court challenging the designation or redaction of

information or for an order preserving the designated status of the disputed information. Such motion shall be filed within twenty-eight (28) days of receipt of a notice of the objection. In the event such a motion is filed, the document(s) objected to shall be submitted to the Court, under seal, for an in-camera inspection. The disputed information shall remain confidential unless and until the Court orders otherwise.

10. All Confidential Information must be held in confidence by those inspecting or receiving it. To the extent the Confidential Information has not been disclosed prior to and apart from this litigation, it must be used only for purposes of this litigation, or an appeal, if any, of the litigation. If the Confidential Information was exchanged between the parties prior to and apart from this litigation for purposes of conducting their respective businesses, the parties may continue to use that otherwise Confidential Information for that purpose. The parties may not distribute the Confidential Information beyond those persons or entities that had received the Confidential Information prior to this litigation. In addition, counsel for each party, and each person receiving Confidential Information, must take reasonable precautions to prevent the unauthorized or inadvertent disclosure of such information. If Confidential Information is disclosed to any person other than a person authorized by this Order, the party responsible for the unauthorized disclosure must immediately bring all pertinent facts relating to the unauthorized disclosure to the attention of the other parties and, without prejudice to any rights and remedies of the other parties, make every effort to prevent further disclosure by the party and by the person(s) receiving the unauthorized disclosure.

11. No party will be responsible to another party for disclosure of Confidential Information under this Order if the information in question is not labeled or otherwise identified as such in accordance with this Order.

12. If a party, through inadvertence, produces any Confidential Information without labeling or marking or otherwise designating it as such in accordance with this Order, the producing party may give written notice to the receiving party that the Materials produced are deemed Confidential Information, and that the Materials produced should be

treated as such in accordance with that designation under this Order. The receiving party must treat the Materials as confidential once the producing party so notifies the receiving party. If the receiving party has disclosed the Materials before receiving the designation, the receiving party must notify the producing party in writing of each such disclosure. Counsel for the parties will agree on a mutually acceptable manner of labeling or marking the inadvertently produced Materials as "CONFIDENTIAL" – SUBJECT TO PROTECTIVE ORDER.

13. Nothing within this Order will prejudice the right of any party to object to the production of any discovery material on the grounds that the material is protected as privileged or as attorney work product.

14. This Order will be without prejudice to the right of any party to oppose production of any information for lack of relevance or any other ground other than the mere presence of Confidential Information. The existence of this Order must not be used by either party as a basis for discovery that is otherwise improper under the Federal Rules of Civil Procedure. Nor will the existence of this Order prejudice the rights of any party to object to the authenticity or admissibility into evidence of any documents, testimony, or other evidence subject to this Order.

15. Information designated Confidential pursuant to this Order also may be disclosed if: (a) the party or non-party making the designation consents to such disclosure; (b) the Court, after notice to all affected persons, allows such disclosure; or (c) the party to whom Confidential Information has been produced thereafter becomes obligated to disclose the information in response to a lawful subpoena, provided that the subpoenaed party gives prompt notice to Counsel for the party which made the designation, and permits Counsel for that party sufficient time to intervene and seek judicial protection from the enforcement of this subpoena and/or entry of an appropriate protective order in the action in which the subpoena was issued.

16. Nothing in this Confidentiality Order shall limit any producing party's use of its own documents or shall prevent any producing party from disclosing its own

Confidential Information to any person. Such disclosures shall not affect any confidential designation made pursuant to the terms of this Order so long as the disclosure is made in a manner which is reasonably calculated to maintain the confidentiality of the information. Nothing in this Order shall prevent or otherwise restrict Counsel from rendering advice to their clients, and in the course thereof, relying on examination of stamped confidential information. Nor shall anything in this Order prevent a party from utilizing a document containing Confidential Information in the examination or cross-examination of any person who is indicated on the document as being an author, source, or recipient of the document.

17. Upon the final resolution of this matter, either by settlement or by entry of a final, non-appealable judgment governing the parties' rights and obligations, the parties agree as follows:

(a) The Confidential Information shall be returned to the producing party, or destroyed not later than 30 days after the conclusion of litigation, and shall not be disclosed to anyone not subject to this Order. Upon request from the producing party, the receiving party shall serve a letter certifying that they complied with this provision of this Order. Insofar as the provisions of any protective orders entered in this action restrict the communication and use of the documents produced hereunder, such orders shall continue to be binding after the conclusion of this litigation.

(b) The procedures described in this paragraph do not apply to any documents or information produced to a party without the limitations set forth in this Order, or to documents or information otherwise obtained by either party in a manner that is not in violation of this Order.

18. The restrictions and obligations set forth within this Order will not apply to any information that: (a) the parties agree should not be designated Confidential Information; (b) the parties agree, or the Court rules, is already public knowledge; or (c) the parties agree, or the Court rules, has become public knowledge other than as a result of disclosure by the receiving party, its employees, or its agents, in violation of this Order.

19. Any party may designate as "CONFIDENTIAL" or "CONFIDENTIAL —

ATTORNEYS' EYES ONLY" any Materials that were produced during the course of this litigation without such designation before the effective date of this Order, as follows:

(a) Parties to this action may designate such Materials by sending written notice of such designation, accompanied by copies of the designated Materials bearing the appropriate legend of "CONFIDENTIAL" or "CONFIDENTIAL — ATTORNEYS' EYES ONLY" to all other parties in possession or custody of such previously undesignated Materials. Any party receiving such notice and copies of designated Materials pursuant to this subparagraph shall return to the producing party all undesignated copies of such Materials in its custody or possession, or shall affix the appropriate legend to all copies of the designated Materials in its custody or possession.

(b) Upon notice of designation pursuant to this paragraph, parties shall also: (i) make no disclosure of such designated Materials or information contained therein except as allowed under this Order; and (ii) take reasonable steps to notify any persons known to have possession of such designated Materials or information of the effect of such designation under this Order.

(c) All such designations must be made within thirty (30) days of the date of this Order.

20. Transmission by e-mail is acceptable for all notification purposes within this Order.

21. This Order may be modified by agreement of the parties, subject to approval by the Court.

22. The Court may modify the terms and conditions of this Order for good cause, or in the interest of justice, or on its own order at any time in these proceedings.

23. Any inadvertent or unintentional disclosure of materials subject to this Order will not be construed as a waiver, in whole or in part, of (i) any party's claims of confidentiality either as to the specific information inadvertently or unintentionally disclosed or as to any other confidential material disclosed prior or after that date, or (ii) any party's right to subsequently designate said materials as confidential pursuant to this

Order. A party who is promptly notified that it may have received an inadvertently-disclosed or produced protected document must comply with Rule 26(b)(5)(B) of the Federal Rules of Civil Procedure and Rule 502(b) of the Federal Rules of Evidence.

24. After termination of this action, the provisions of this Order shall continue to be binding, except with respect to those documents and information that became a matter of public record. This Court retains and shall have continuing jurisdiction over the parties and recipients of Confidential Information and Materials designated as confidential for enforcement of the provisions of this Order following termination of this litigation.

Dated this 31st day of August, 2022.

_____
Honorable Susan M. Brnovich
United States District Judge

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF ARIZONA**

| | |
|---|---|
| Brenda Whittaker, | No. CV-22-08077-PCT-SMB |
| Plaintiff, | **AGREEMENT TO BE BOUND BY STIPULATED PROTECTIVE ORDER** |
| v. | |
| Paul Moss Insurance Agency LLC, | |
| Defendant. | |

I, _____, declare and say that:

1. I have read the Stipulated Protective Order (the "Order") entered in _____ and have received a copy of the Order.

2. I promise that I will use any and all "Confidential" information, as defined in the Order, given to me only in a manner authorized by the Order, and only to assist Counsel in the litigation of this matter.

3. I promise that I will not disclose or discuss such "Confidential" information with anyone other than the persons described the Order.

4. I acknowledge that, by signing this agreement, I am subjecting myself to the jurisdiction of the United States District Court for the District of Arizona with respect to the enforcement of the Order.

5. I understand that any disclosure or use of "Confidential" information in any manner contrary to the provisions of the Protective Order may subject me to sanctions for contempt of court.

6. I will return all "Confidential" Materials (as defined in the Order) to the attorney who provided it to me, upon request of that attorney, and I shall not retain any copies of said Materials or any information contained within "Confidential" Materials.

I declare under penalty of perjury that the foregoing is true and correct.

Date: _____     Signature: _____