Sitar Bhatt, State Bar Number 029622
sbhatt@tysonmendes.com
Leah M. McKeever, State Bar Number 034235
lmckeever@tysonmendes.com
**TYSON & MENDES, LLP**
7910 East Thompson Peak Parkway, Suite 101
Scottsdale, Arizona 85255
Telephone: (480) 571-5031
Facsimile:  (480) 245-5424
*Attorney for Defendant*

UNITED STATES DISTRICT COURT

DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Paul Moss Insurance Agency, Llc d/b/a Epiq Insurance Agency, an Ohio limited liability company<br><br>Defendant. | No. 3:22-cv-08077-SMB<br><br>**DEFENDANT'S DISCOVERY DISPUTE MEMORANDUM** |

Defendant Paul Moss Insurance Agency dba Epiq Insurance Agency ("Paul Moss") requests the Court deny plaintiff Brenda Whittaker's ("plaintiff") request to conduct pre-certification class related discovery. This Court should deny plaintiff's request for an order to compel the production of Leads, outbound calls, and call logs of non-party and unnamed individuals because it is a fishing expedition to identify potential plaintiffs, which is outside the scope of Rule 26 and premature given plaintiff has not established, and cannot establish, Rule 23 requirements.

Plaintiff alleges Paul Moss violated the Telephone Consumer Protection Act ("TCPA") when it made allegedly unsolicited calls to plaintiff's cellphone, which she asserts was

**TYSON & MENDES, LLP**

registered with the National Do Not Call Registry. However, plaintiff provided express consent to receive such calls when she entered her personal information and consented to receive calls and text messages for auto insurance quotes on a website owned and operated by Renuant, LLC dba Transparent.ly ("Renuant"). Renuant then sold the Lead to Paul Moss given plaintiff's interest and consent. Plaintiff denies she provided consent. Plaintiff now seeks pre-class certification discovery to conduct a fishing expedition to identify clients despite not providing any inclination there are other individuals who were contacted under the same circumstances.

Pre-class certification discovery should not be permitted when such discovery runs afoul of Federal Rules of Civil Procedure Rules 26(b)(1) and 23. Rule 23 permits class certification only if (1) the class is so numerous that joinder of all members is impracticable, (2) there are questions of law and fact common to the class, (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class, and (4) the representative parties will fairly and adequately protect the interests of the class, Fed. R. Civ. P. The burden is on the plaintiff to establish all elements of Rule 23. *Mantolete v. Bolger,* 767 F.2d 1416 (9th Cir. 1985). If the plaintiff fails to show discovery is likely to produce substantiation of the class allegations, then to deny plaintiff's request for pre-class certification discovery is not an abuse of discretion. *Doninger v. Pacific Northwest Bell, Inc*., 564 F.2d 1304, 1313 (9th Cir.1977).

Federal Rules of Civil Procedure Rule 26(b)(1) limits the scope of discovery to "nonprivileged matter that is relevant to any party's claim or defense." The Supreme Court has determined that seeking discovery of the name of a class member is not relevant within the meaning of Rule 26(b)(1). *Oppenheimer Fund, Inc. v. Sanders,* 437 U.S. 340 (1978). Where the

2

**TYSON & MENDES, LLP**

plaintiff fails to make a prima facie showing of Rule 23 prerequisites, the burden is on the plaintiff to demonstrate discovery measures are likely to produce persuasive information substantiating the class action allegations. *Doninger,* 564 F.2d at 1313 *citing Hatfield v. Williams*, 64 F.R.D. 71, 75 (N.D.Iowa 1974).

In *Mantolete,* the plaintiff sought pre-class certification discovery to establish a national class, but was denied such discovery because the plaintiff did not provide a showing that class discovery would "produce persuasive information substantiating the class action allegations." 767 F.2d 1416. Also, in *Mantolete,* the plaintiff identified two other individuals in similar circumstances, whereas here, the plaintiff has not identified a single individual with a similar circumstance.

Likewise, in *In re Williams-Sonoma, Inc.,* the court held it was error for the trial court to permit discovery to obtain the identities of unnamed class members prior to class certification. 947 F.3d 535, 540 (9th Cir. 2020).

Here, plaintiff seeks pre-class certification discovery to obtain the names and personal information for all Leads Paul Moss purchased from Renuant in the same manner plaintiff's Lead was purchased and all outbound calls made by Paul Moss in order to identify absent class members. However, plaintiff has not made a prima facie showing such discovery would produce information substantiating the class allegations. The identities of absent class members are not relevant to the parties' claims or defenses under Rule 26(b)(1), Fed. R. Civ. P. Therefore, plaintiff's request for pre-class certification discovery must be denied.

**TYSON & MENDES, LLP**

Although Paul Moss asserts pre-class discovery is not permitted, in the alternative, if the Court finds pre-class certification discovery is permitted, we request the Court limit the discovery to those in the same position as plaintiff, which includes those who are (1) allegedly fully registered on the National Do Not Call Registry, (2) were allegedly called by Paul Moss more than once in a 12 month period, (3) the call was for the purpose of selling products and services, and (4) Paul Moss received prior express consent from Renuant of which the individual alleges is fake. In instances where pre-class certification discovery is permitted, the discovery is limited to certification issues such as the number of class members, the existence of common questions, typicality of claims, and the representative's ability to represent the class. *Oppenheimer Fund*, 437 U.S. at 359. However, to produce an outbound call list that meets plaintiff's alleged class description is oppressive, unduly burdensome, and exceeds the scope of discovery under Federal Rule of Civil Procedure 34. It requires Paul Moss to create documents when Rule 34 only requires parties to produce documents that already exist.

Similarly, since the discovery, if any, should be limited to those who assert the express consent provided was fake, this requires Paul Moss to identify calls that were made pursuant to express consent, yet the recipient alleges the consent was fake. To produce such documentation would require to Paul Moss to create documents and information not already in business records.

Lastly, the time frame for discovery should be limited to plaintiff's allegations which is January 5-6, 2022. Anything beyond this timeframe would be an undue burden and oppressive.

**TYSON & MENDES, LLP**

The information being sought is not kept in the normal course and scope of business, which goes against what is discoverable under Rule 34.

  Paul Moss requests the Court deny plaintiff's pre-class certification discovery requests. However, should the Court consider granting plaintiff's requests, it should be limited to the discovery limitations identified above.

  DATED this 6th day of December, 2022.

            TYSON & MENDES, LLP

            By: */s/ Leah M. McKeever*
              Sitar Bhatt
              Leah M. McKeever
              *Attorneys for Defendant*

## **CERTIFICATE OF SERVICE**

  I hereby certify that on December 6, 2022, I electronically transmitted the attached document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF Registrants:

Penny L. Koepke
MAXWELL & MORGAN, P.C.
4854 E. Baseline Rd.
Suite 104
Mesa, AZ 85206
pkoepke@hoalow.biz
*Attorney for Plaintiff*

Taylor T Smith
WOODROW & PELUSO, LLC
3900 E. Mexico Ave.
Suite 300
Denver, CO 8021
tsmith@woodrowpeluso.com
*Attorney for Plaintiff*

By: */s/ Mersadies Alvarado*