# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Brenda Whittaker,<br><br>    Plaintiff,<br><br>v.<br><br>Paul Moss Insurance Agency LLC,<br><br>    Defendant. | No. CV-22-08077-PCT-SMB<br><br>**ORDER** |

    Pending before the Court is the resolution of a discovery dispute. Plaintiff requested a discovery dispute hearing for her first set of discovery requests. A telephonic discovery dispute hearing was held on November 1, 2022. After hearing the parties' arguments, the Court was unable to resolve the issue. The Court thus ordered the parties to submit simultaneous briefs answering two questions: (1) whether pre-certification discovery should be allowed, and (2) what the scope of the discovery should be. Both briefs were filed on December 6, 2022, and after review, the Court finds that pre-certification discovery is appropriate, but that the scope of that discovery should be more limited than Plaintiff's request.

    Plaintiff filed this action alleging violations of the Telephone Consumer Protections Act ("TCPA") and seeks to certify a class. Plaintiff's proposed class definition is as follows:

> All persons in the United States who from four years prior to the filing of the complaint in this action to the present: (1) Defendant, or a third person acting on behalf of Defendant, called more than one time on his/her telephone; (2) within any 12 month period; (3) where the telephone number had been listed

>on the National Do Not Call Registry for at least thirty days; (4) for the purpose of selling Defendant's products and services; and (5) for whom Defendant claims it obtained prior express consent in the same manner as Defendant claims it supposedly obtained prior express consent to call Whittaker, or for whom it did not obtain prior express written consent.

(Doc. 1 at ¶ 23.) For discovery, Plaintiff is seeking the leads and personal information for all the leads that Defendant purchased from a third-party vendor named Renuant. Plaintiff is also seeking the records of Paul Moss' outgoing calls to consumers listed on the national do-not-call registry. Defendant objects, claiming that this is simply a fishing expedition, and Plaintiff has not shown that discovery is likely to produce relevant information.

The Court finds that pre-certification discovery is appropriate. Once a plaintiff has shown that discovery is likely to produce information relevant to substantiating class allegations, it is an abuse of discretion to deny pre-certification discovery. *Perez v Safelite Grp. Inc.*, 553 F. App'x 667, 669 (9th Cir. 2014). Plaintiff has produced evidence that her phone number was on the national do-not-call list, yet she received three calls within one year for the purpose of selling Defendant's products and services. Plaintiff also produced evidence that the lead provided by Renaunt is fraudulent. The Court finds that the requested information is likely to produce relevant information on the issues of numerosity and commonality. *See Mbazomo v. ETourandTravel, Inc.*, No. 2:16-cv-02229-SB, 2017 WL 2346981, at *5, 7 (E.D. Cal. May 30, 2017) (ordering production of records and explaining, 'the Court agrees with the weight of authority on this matter that call logs and dialing lists are "relevant to [the] commonality' prong of the class certification inquiry"); *see also Doherty v. Comenity Cap. Bank & Comenity Bank,* No. 16CV1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) ("The Court finds that outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Regarding the scope of discovery, Plaintiff asks for all data from the four-year period preceding the filing of the case. Defendant, meanwhile, asks the Court to limit discovery to one day, the day Plaintiff used the website. The Court finds that Defendant's suggestion is unreasonable given the proposed definition of the class and the requirement

1    that calls occur within a 12-month period.  However, the Court also agrees that four years
2    of data is unnecessary to determine if a class exists.  Therefore,
3         **IT IS ORDERED** that Defendant comply with the discovery requests for the time
4    period of May 2, 2020, to May 2, 2022.
5         Dated this 20th day of January, 2023.

_____
Honorable Susan M. Brnovich
United States District Judge